

**JOHN G. POWERS**
jpowers@hancocklaw.com

January 13, 2019

<u>**VIA ECF**</u>

Hon. David Peebles
Chief United States District Judge
Federal Building & U.S. Courthouse
Syracuse, New York 13261

    Re:    *T.H. v. City of Syracuse*, 5:17-CV-1081 (GTS/DEP)

Dear Judge Peebles:

    As the Court is aware, at the last conference on November 1, 2018, the parties represented to the Court that they had agreed to the material terms of a settlement but were hung up on a single procedural issue relating to the method by which the Court would review and approve the settlement agreement pursuant to Local Rule 17.1. That issue appears to be resolved.

    Since the end of December, the parties have been exchanging what I believed to be the final version of the form of the settlement agreement containing the terms that were agreed to in principle at the mediation held on March 27, 2018. While we had, more than a month ago, scheduled depositions for next week, I did express to opposing counsel while we were exchanging what I believed to be final versions of the agreement that the City did not want to expend the significant resources preparing witnesses—including a Rule 30(b)(6) witness—and paying outside counsel to attend depositions given the apparent resolution of the single issue that had been holding up settlement.

    This past week on Wednesday, I had a lengthy phone conference with Mr. Jason, whereby we each discussed, on a paragraph-by-paragraph basis, respective compromises to any lingering disagreements relative to language in the then-current agreement. At the conclusion of the call, Mr. Jason asked me to ensure that my client would agree to our negotiated changes and let him know promptly. I obtained the requested approval from the relevant stakeholders believing that this was to be the final version of the agreement. I let Mr. Jason know this past Friday morning that the City had agreed to the changes to the agreement proposed by him.

    Upon conveying this information to Mr. Jason, I've since been informed on Friday afternoon by Mr. Jason and Ms. Harrist that they now have additional changes they want to make to the agreement and are making additional demands that include, from my perspective, additional terms to those originally agreed to. When I expressed my frustration with the apparent moving goal posts relative to what I perceived as renegotiation of settled territory, I

{H3520052.1}

was advised by opposing counsel that they would be sending a letter to the Court to complain about discovery follow-up issues and my deferral of the scheduled depositions.

      As the Court is aware, part of the benefit to *both* sides of a settlement is to avoid unnecessary further expense associated with traditional litigation activities. The City of Syracuse has limited, finite, and already significantly burdened resources. Given the stage of the parties' discussions, I would respectfully submit that deferring on the scheduled depositions was not unreasonable, and in fact, was sensible and appropriate under the circumstances.

      At present, my view is that the parties have a settlement. I can also represent that the City Police Department has already expended significant resources preparing materials relative to performance of the terms, in good faith reliance on the understanding that the parties had *already* reached a meeting of the minds.

      These recent developments have been frustrating and are perhaps based on a misunderstanding between counsel. In any event, as a result, your undersigned believes that the parties will benefit from an in person settlement conference with Your Honor to hopefully finalize the settlement—if the Court's schedule permits, in the coming week. We would respectfully request that the Court order such a conference to hopefully finalize any lingering issues as to the form of the parties' agreement.

      We thank you for your consideration to this request.

      Respectfully Submitted,

      HANCOCK ESTABROOK, LLP

      *s/ John G. Powers*

      John G. Powers

*cc*:    All counsel of record via ECF.

{H3520052.1}